**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISON**

| | |
|---|---|
| ───────────────────────────── )<br>KIM LAIN )<br>118 Whiting Ave. )<br>Galveston, TX  77550 )<br>                                          )<br>                                          )<br>              *Plaintiff*,        )<br>                                          )<br>v.                                        )<br>                                          )<br>U.S. DEPARTMENT OF HOMELAND )<br>SECURITY )<br>2707 Martin Luther King Jr., Ave., S.E. )<br>Washington, D.C.  20528 )<br>                                          )<br>              *Defendant*.       )<br>───────────────────────────── ) | Case No.  24-cv-37 |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff KIM LAIN ("Plaintiff") for her complaint against Defendant U.S.

DEPARTMENT OF HOMELAND SECURITY ("DHS" or "Department") alleges on knowledge

as to Plaintiff, and on information and belief as to all other matters, as follows:

1.        This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

to compel the production of records from DHS concerning Secretary Alejandro N. Mayorkas's

hiring of a private law firm, Debevoise & Plimpton LLP, to represent him in impeachment

proceedings should they be initiated by the House of Representatives and the Department of

Justice's ("DOJ") Office of Legal Counsel's ("OLC") Opinion authorizing taxpayer funds to be

used for such purposes.  *See* FOIA Request No. 2023-HQFO-01333 (Apr. 6, 2023) ("Request" or

"Plaintiff's FOIA Request") (Ex. 1).

1

2.    Against the backdrop of the worst border crisis in our nation's history with record apprehensions of illegal aliens at the Southwest border, Members of the House of Representatives have introduced multiple resolutions related to potentially impeaching Secretary Mayorkas in the 117th and 118th Congresses.  On January 4, 2023, OLC issued the Opinion authorizing the use of taxpayer dollars for Secretary Mayorkas to hire outside counsel to represent him during an impeachment process.  *Retaining Private Counsel to Represent the DHS Secretary in Impeachment Process*, 47 Op. O.L.C. __ (OLC Jan. 4, 2023) ("Opinion") (Ex. 2). On January 26, 2023, Secretary Mayorkas hired Debevoise & Plimpton LLP to represent him in the impeachment process.  Contract Summary, PIID 70RDAD23C00000002, *found at https://www.usaspending.gov/award/CONT_AWD_70RDAD23C00000002_7001_-NONE-_-NONE-* (last visited Feb. 1, 2024) ("Contract").  The Contract has already obligated $1.875 million of the potential $3 million (with $803,230.29 outlaid). The Contract runs through the end of the 118th Congress, expiring one day before the first session of the 119th Congress begins, January 2, 2025.  *Id*.  The information sought in Plaintiff's FOIA Request concerns this contract.

3.    On January 10, 2024, the House Committee on Homeland Security held the first in a reported series of hearings to consider whether to impeach Secretary Mayorkas.  *Havoc in the Heartland:  How Secretary Mayorkas' Failed Leadership Has Impacted the States, Hearing Before the H. Comm. on Homeland Security,* 118th Cong. (2024); *see also* Mica Soellner and John Bresnahan, *House Republicans ready Mayorkas impeachment,* Punchbowl News (Jan. 3 2024) *found at https://punchbowl.news/article/mayorkas-impeachment-house-republicans-ready-up*.  The House Homeland Security Committee held a second hearing pursuant to its impeachment proceedings on January 18, 2024.  *Voices for the Victims:  The Heartbreaking Reality of the Mayorkas Border Crisis, Hearing before the H. Comm. on Homeland Security*,

118th Cong. (2024).  The House Committee on Homeland Security approved articles of

impeachment against Secretary Mayorkas on January 28, 2024.  *Amendment in the Nature of a*

*Substitute to H. Res. 863 Offered by Mr. Green of Tennessee* (January 28, 2024) (Ex. 3).  The full

House of Representatives is reportedly set to vote on whether to impeach Secretary Mayorkas as

early as the week of February 5, 2024.  Karoun Demirjian, *House Panel Approves Impeachment*

*Charges Against Mayorkas*, N.Y. Times, Jan. 30, 2024, *found at*

*https://www.nytimes.com/2024/01/30/us/mayorkas-impeachment-house.html*.  Plaintiff's FOIA

Request seeks records directly at the heart of these ongoing proceedings.

## PARTIES

4.      Plaintiff Kim Lain ("Lain") is a Galveston, Texas-based contributor for *The Daily*

*Signal.  Kim Lain, Daily Signal*, *found at https://www.dailysignal.com/author/kimlain/* (last

visited Feb. 1, 2024).  Lain both lives and works in Galveston.  She has lived in Galveston for

approximately five years.  Lain's work for *The Daily Signal* focuses on investigative journalism

that probes the local impacts of the federal policies.  Relevant here, Lain has published an article

reporting on the local reaction to Secretary Mayorkas' Senate Judiciary Committee testimony

concerning wristbands.  *See* Kim Lain, *Ignorance Isn't Bliss:  Mexican Cartels' Wristbands*

*Underscore Mayorkas' Willful Blindness on Border*, The Daily Signal, (Aug. 10, 2023) *found at*

*https://www.dailysignal.com/2023/08/10/ignorance-isnt-bliss-mexican-cartels-wristbands-*

*underscore-mayorkas-willful-blindness-on-border/*.  *The Daily Signal* is a "digital-first,

multimedia news platform" that "delivers investigative and feature reporting and the most

important political news and commentary."  *About The Daily Signal*, *found at*

*https://www.dailysignal.com/daily-signal* (last visited Feb. 1, 2024).  *The Daily Signal* is the

news organization of the Heritage Foundation, a Washington, D.C.-based nonpartisan public

policy organization.  Heritage is a not-for-profit section 501(c)(3) organization which engages in substantial dissemination of information to the public.

5.      Defendant DHS is a federal agency of the United States within the meaning of 5 U.S.C. § 552(f)(1) whose mission statement reads "with honor and integrity, we will safeguard the American people, our homeland, and our values." DHS Mission, *found at https://www.dhs.gov/mission* (last visited Feb. 1, 2024).

<u>**JURISDICTION AND VENUE**</u>

6.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because the Plaintiff resides in the Southern District of Texas and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

7.      Venue is proper in this Court under both 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in the Galveston Division of the Southern District of Texas, and under 5 U.S.C. § 552(a)(4)(B) in that Plaintiff "resides" in the Galveston Division of the Southern District of Texas and Plaintiff also maintains her "principal place of business" in the Galveston Division of the Southern District of Texas.

<u>**OFFICE OF LEGAL COUNSEL OPINION AUTHORIZING SECRETARY MAYORKAS TO RETAIN PRIVATE COUNSEL IN AN IMPEACHMENT PROCEEDING**</u>

8.      In the 118th Congress, members of the House of Representatives have introduced multiple resolutions related to potentially impeaching Secretary Mayorkas.  *See* H. Res. 8, 118th Cong.; H. Res 89, 118th Cong.; H. Res. 411, 118th Cong.; H. Res. 470, 118th Cong.; H. Res. 477, 118th Cong.; H. Res. 863, 118th Cong.  Fifteen United States Senators have offered a Senate resolution expressing the sense of the Senate that Secretary Mayorkas "does not have the confidence of the Senate or of the American people to faithfully carry out the duties of his

office."  S. Res. 169, 118th Cong.  In 2024, the House Committee on Homeland Security has held two impeachment hearings, although the full House of Representatives has not voted to authorize a formal impeachment inquiry.

9.     On January 4, 2023, OLC issued the Opinion authorizing Secretary Mayorkas to retain private counsel to represent him in the impeachment process.  The Opinion concluded that DHS "may retain private counsel to assist the Department in representing itself and the Secretary in impeachment proceedings aimed at decisions or actions within the scope of the Secretary's official duties and unaccompanied by any allegations of personal misconduct."  Opinion at 1.

10.    OLC explained that an agency has the authority to retain and pay for private counsel for representation in impeachment proceedings when three conditions are met:  (1) representation of the agency by agency counsel must be inappropriate or impermissible; (2) representation by private counsel must be in the government's interest and the government may not pay fees incurred in representing the purely personal interests of the employee; and (3) the agency must have the organic statutory authority and available appropriation to pay for private counsel.  *Id*. at 2 (internal citations omitted).  OLC applied the three-part test to the question presented "in the context of an impeachment proceeding that lacks allegations of personal misconduct."[1]

11.    OLC reasoned that the first condition was met because DHS represented to OLC that DHS lacks sufficient in-house expertise on impeachment matters and the necessary staff

---

[1]  When OLC issued the OLC Opinion, the only impeachment resolution had been introduced at the time was H. Res. 582, 117th Cong.  OLC applied the three-part test "in the context of an impeachment proceeding that lacks allegations of personal misconduct, like House Resolution 582."  OLC Opinion at 4.  Subsequent Articles of Impeachment introduced in the 118th Congress-after the issuance of the OLC Opinion—appear to allege personal misconduct as a basis for impeachment.  For example, Article II of H. Res. 863 accuses Secretary Mayorkas of knowingly making false statements to Congress.  *See* H. Res. 863, 118th Cong.

resources to adequately represent the Department in impeachment proceedings.  *Id*. at 4–5.  OLC

reasoned the second condition was met because even though "an impeachment proceeding

implicates the personal interests of the impeachment subject" the government has an interest in:

(1) defending the lawfulness of official policies and procedures; (2) relieving employees from

any burdens that arise from their good faith performance of their official duties; and (3)

Executive Branch confidentiality and other institutional separation of powers interests vis-à-vis

Congress concerning document and information requests as part of an impeachment inquiry.  In

total, those interests outweigh any personal benefit derived from private representation.  *Id*. at 5–

9.  OLC said the third condition was met because DHS offered 5 U.S.C. § 3109, 6 U.S.C. § 392,

and section 202 of the DHS Appropriations Act, 2004, Pub. L. No. 108–90, 117 Stat. 1137, 1153

(Oct. 1, 2003).  *Id*. at 11.

## PLAINTIFFS' FOIA REQUEST

12.     Plaintiff submitted her FOIA Request on April 6, 2023.

13.     The Request sought DHS documents and communications related to the OLC

Opinion and the contract materials for the retention of Debevoise & Plimpton LLP to represent

Secretary Mayorkas in impeachment proceedings should they be initiated by the House of

Representatives.  In particular, the Request sought:

1.  Memorandum for Neil Kinkopf, Senior Counselor, Office of Legal Counsel,
    from Neal Schwartz, Associate General Counsel for General Law, DHS, *Re:
    Retaining Private Counsel for a Federal Official Subject to Impeachment
    Process* (Oct. 27, 2022);

2.  All communications with the Department of Justice relating to *Retaining
    Private Counsel to Represent the DHS Secretary in Impeachment Process*, 47
    OP. O.L.C. __ (OLC Jan. 4, 2023).

3.  All communications external to the Federal Government relating to *Retaining
    Private Counsel to Represent the DHS Secretary in Impeachment Process*, 47

Op. O.L.C. __ (OLC Jan. 4, 2023).

4. All communications with Congress relating to *Retaining Private Counsel to Represent DHS Secretary in Impeachment Process,* 47 Op. O.L.C. __ (OLC Jan. 4, 2023).

5. All communications with the Office of White House Counsel relating to *Retaining Private Counsel to Represent DHS Secretary in Impeachment Process,* 47 Op. O.L.C. __ (OLC Jan. 4, 2023).

6. All records relating to Debevoise & Plimpton and impeachment.

7. All records relating to PIID 70RDAD23C00000002.

8. All records related to the time of public release of *Retaining Private Counsel to Represent DHS Secretary in Impeachment Process,* 47 Op. O.L.C. __ (OLC Jan. 4, 2023).

Request at 1–2.

14.     The Request sought records from Office of the Secretary, including the Office of the General Counsel. *Id*. at 2.

15.     The Request sought records for the limited timeframe of August 9, 2021 to the present. *Id*.

16.     The Request sought a fee waiver based on the public interest in determining whether there was a legal or factual justification for Secretary Mayorkas to potentially spend $3 million of taxpayer money on a private international law firm to represent him in a potential impeachment proceeding.  In addition, Plaintiff is an investigative journalist for *The Daily Signal*, a major news outlet operated by the Heritage Foundation. *Id.* at 4–6.

17.     The Request sought Expedited Processing pursuant to 6 C.F.R. § 5.5(e)(1)(iv), because Secretary Mayorkas's expenditure of taxpayer funds on a private law firm to represent him in potential impeachment proceedings is "a matter of widespread and exceptional media

interest in which there exists possible questions about the government's integrity which affect public confidence." *Id*. at 6–11.

18.     The Request attached four appendices totaling 173 pages that included media and Congressional commentary about the contract with Debevoise & Plimpton, text of the impeachment resolutions that had been introduced in the House of Representatives at the time of the Request, and a letter from the House Committee on Oversight and Accountability requesting information related to the contract.  Appendix A–D, *available at* http://thf_media.s3.amazonaws.com/2023/Oversite_Project/DHS_impeachment_debevoise_Appe ndix_A-D.pdf.

19.     The Request discussed the intense media and Congressional interest concerning three key questions surrounding the Secretary's hiring of a private law firm, at the potential cost of $3 million of taxpayer funds, to represent him should he be impeached by the House of Representatives.  *Id*. at 6–11.  First, the Request highlighted the "substantial interest in whether spending $1.5 million of taxpayer dollars on retaining an elite law firm is an appropriate use of the public fisc." *Id*. At 10.  Second, the Request highlighted the "sustained interest in whether DHS can legally hire counsel to represent Secretary Mayorkas against impeachment allegations." *Id*. at 10–11.  Third, "there is interest in whether the DHS had an adequate factual basis for the contract." *Id*. at 11.

**DHS HAS CONSTRUCTIVELY DENIED PLAINTIFF'S FOIA REQUEST**

20.     On May 10, 2023, Plaintiff sent a letter via email to DHS requesting information about the Request.  Letter from Kim Lain to DHS Privacy Office (May 10, 2023) (Ex. 4).  The letter reiterated both the importance of the Request, and the Request's clear entitlement to expedited processing given the widespread and exceptional media interest the Secretary's hiring

of a private law firm to represent him in impeachment proceedings.  *Id.*  The letter also said that if the Department did not act on Plaintiff's request for expedited processing by May 12, 2023, she would initiate this action.  *Id.* at 2.  The letter explained further that despite the lack of communication from the Department, a review of the DHS FOIA portal indicated that the Request had been given the tracking number 2023-HQFO-01333.  *Id.* at 2.

21.    On July 28, 2023—nearly four months after submitting the Request—DHS acknowledged receipt of the request.  Email from DHS Privacy Office to Kim Lain (July 28, 2023) (Ex. 5).  The email included an attachment containing a summary of the request and identified that Plaintiff requested both a fee waiver and expedited processing.  2023-HQFO-01333 Summary (Ex. 6).

22.    A review of the DHS portal indicates that Plaintiff's fee waiver and expedited processing requests are "pending decision," the Request is on the "complex" processing track, and that the overall request status is in the "processing" phase.  SecureRelease Portal, My Requests, Kim Lain (last visited Feb. 1, 2024) (Ex. 7).

23.    As of the date of this filing, DHS has failed to produce any records, responsive or other, in response to the Request, nor has it otherwise demonstrated that the requested records are exempt from production.

24.    Twenty business days from April 6, 2023 is May 5, 2023.

**FIRST CLAIM FOR RELIEF**
**Violation FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records.**

25.    Plaintiff re-alleges the foregoing paragraphs as if fully set out herein.

26.    FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

27.    Plaintiff properly requested records within the possession, custody, and control of Defendant.

28.    Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

29.    Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiff's FOIA Request.

30.    Defendant's failure to conduct searches for responsive records violates FOIA and DHS regulations.

31.    Plaintiff has a statutory right to the information they seek.

32.    Defendant is in violation of FOIA.

33.    Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiff is  being denied information to which she is statutorily entitled and that is important to carrying out Plaintiffs' functions as an investigative journalist.  Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

34.    Plaintiff has no adequate remedy at law.

35.    Plaintiff has constructively exhausted her administrative remedies.

## SECOND CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

36.    Plaintiff re-alleges the foregoing paragraphs as if fully set out herein.

37.    FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

38.     Plaintiff properly requested records within the possession, custody, or control of Defendant.

39.     Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

40.     Defendant is wrongfully withholding non-exempt records requested by Plaintiff by failing to produce any records responsive to her FOIA Request.

41.     Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA Request.

42.     Defendant's failure to provide all non-exempt responsive records violates FOIA and DHS regulations.

43.     Plaintiff has a statutory right to the information she seeks.

44.     Defendant is in violation of FOIA.

45.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiff is being denied information to which she is statutorily entitled and that is important to carrying out Plaintiff's functions as an investigative journalist.   Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

46.     Plaintiff has no adequate remedy at law.

47.     Plaintiff has constructively exhausted her administrative remedies.

### THIRD CLAIM FOR RELIEF
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Fee Waiver

48.     Plaintiff re-alleges the foregoing paragraphs as if fully set out herein.

49.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  *Attorney General, Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

50.     Plaintiff properly requested records within the possession, custody, or control of Defendant.

51.     Defendant has constructively denied Plaintiff's application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 6 C.F.R. §5.11(k).

52.     The Request does not have a commercial purpose because Plaintiff is an investigative journalist for *The Daily Signal*, a major newspaper, and release of the information sought does not further Plaintiff's commercial interest.

53.     Plaintiff is a member of the news media as she "gathers information of potential interest to a segment of the public, use[] . . . [her] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

54.     Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

55.     Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

56.     Plaintiff has a statutory right to a fee waiver.

57.     Defendant is in violation of FOIA by denying a fee waiver.

58.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA.

Plaintiff is being denied a fee waiver to which she is statutorily entitled and that is important to

carrying out Plaintiff's functions as an investigative journalist.  Plaintiff will continue to be

irreparably harmed unless Defendant is compelled to comply with the law.

59.     Plaintiff has no adequate remedy at law.

60.     Plaintiff has constructively exhausted her administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

61.     Plaintiff re-alleges the foregoing paragraphs as if fully set out herein.

62.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in

government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act*

*Guidelines*, at 4 (Mar. 15, 2022).

63.     Plaintiff properly requested records within the possession, custody, or control of

Defendant.

64.     The Request does not have a commercial purpose because Plaintiff is an

investigative journalist for *The Daily Signal*, a major newspaper, and release of the information

sought does not further Plaintiffs' commercial interest.

65.     Plaintiff is a member of the news media as she "gathers information of potential

interest to a segment of the public, uses . . . [her] editorial skills to turn the raw materials into a

distinct work, and distributes that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(A)(ii).

66.    Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

67.    Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

68.    Defendant is currently statutorily barred from charging fees related to Plaintiffs' FOIA Request.  Therefore, Plaintiffs have a statutory right to have their request processed without being charged any fees.

69.    Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

70.    Plaintiff has no adequate remedy at law.

71.    Plaintiff has constructively exhausted her administrative remedies.

**FIFTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing**

72.    Plaintiff re-alleges the foregoing paragraphs as if fully set out herein.

73.    FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines, at 4 (Mar. 15, 2022).

74.     Plaintiff properly requested records within the possession, custody, or control of Defendant.

75.     Plaintiff properly asked that DHS expedite the processing of Plaintiff's Request because the controversy surrounding Secretary Mayorkas' potential use of as much as $3 million in taxpayer funds to pay for a private law firm to represent him in impeachment proceedings is "a matter of widespread and exceptional media interest in which there exists possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(iv).

76.     Defendant refused to expedite Plaintiff's FOIA Request, contrary to the factual and legal showing Plaintiff made demonstrating her entitlement to expedition.

77.     Defendant is in violation of FOIA.

78.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA. Plaintiff is being denied information to which she is statutorily entitled to on an expedited basis and that is important to carrying out Plaintiff's functions as an investigative journalist.   Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

79.     Plaintiff has no adequate remedy at law.

80.     Plaintiff is entitled to seek immediate judicial relief for DHS's denial of expedited processing.  *See* 5 U.S.C. § 552(a)(6)(E)(iii) ("Agency action to deny … a request for expedited processing pursuant to this subparagraph … shall be subject to judicial review."); *Pub. Health & Med. Pros. for Transparency v. Food & Drug Admin.*, 2023 WL 3335071, (N.D. Tex. 2023) ("If an agency denies a request for expedited processing under FOIA, the decision is subject to immediate judicial review.").

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A.    Enter a preliminary and permanent injunction compelling Defendant to process Plaintiff's FOIA request on an expedited basis.

B.    Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

C.    Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

D.    Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

E.    Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

F.    Retain jurisdiction over this matter as appropriate;

G.    Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

H.    Grant such other and further relief as this Court may deem just and proper.

Dated:  February 2, 2024          Respectfully submitted,


/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 3838910)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

DANIEL D. MAULER
(No. 3845090)

The Heritage Foundation
Telephone:  (202) 617-6975
Email:  Dan.Mauler@heritage.org

*Counsel for Plaintiff*